1   Fred W. Schwinn (SBN 225575)
    CONSUMER LAW CENTER, INC.
2   12 South First Street, Suite 1014
    San Jose, California 95113-2418
3   Telephone Number: (408) 294-6100
    Facsimile Number: (408) 294-6190
4   Email Address: fred.schwinn@sjconsumerlaw.com

5   Attorney for Plaintiff
    RAYMOND CHARLES MEYER
6

7

8              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                      SAN JOSE DIVISION

10  RAYMOND CHARLES MEYER,              Case No. C07 06422 JF

11                    Plaintiff,
                                        COMPLAINT
12  v.
                                        DEMAND FOR JURY TRIAL
13  ARS NATIONAL SERVICES, INC., D/B/A
    ASSOCIATED RECOVERY SYSTEMS, a      15 United States Code § 1692 *et seq.*
14  California corporation, and JASON A. California Civil Code § 1788 *et seq.*
    HOWERTON, individually and in his official
15  capacity,

16                    Defendants.

17

18       Plaintiff, RAYMOND CHARLES MEYER (hereinafter "Plaintiff"), based on

19  information and belief and investigation of counsel, except for those allegations which pertain to the

20  named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the

21  following allegations:

22                          **I.  INTRODUCTION**

23       1.    This is an action for statutory damages, attorney fees and costs brought by an

24  individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C.

25  § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act,

26  California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from

27  engaging in abusive, deceptive and unfair practices.

28  / / /

## II.  JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3.      This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

## III.  VENUE

4.      Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV.  INTRADISTRICT ASSIGNMENT

5.      This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V.  PARTIES

6.      Plaintiff, RAYMOND CHARLES MEYER (hereinafter "Plaintiff"), is a natural person residing in San Mateo County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

7.      Defendant, ARS NATIONAL SERVICES, INC., D/B/A ASSOCIATED RECOVERY SYSTEMS (hereinafter "ARS"), is a California corporation engaged in the business of collecting debts in this state with its principal place of business located at:  201 West Grand Avenue, Escondido, California  92025-2603.  ARS may be served as follows:  ARS National Services, Inc., c/o Kathy Howerton, Agent for Service of Process, 201 West Grand Avenue, Escondido, California  92025-2603. The principal business of ARS is the collection of debts using the mails and telephone, and ARS regularly attempts to collect debts alleged to be due another.  ARS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

8.      Defendant, JASON A. HOWERTON (hereinafter "HOWERTON"), is a natural person and is or was an employee, agent, officer and/or director of ARS at all relevant times. HOWERTON may be served at his current business address at:  Jason A. Howerton, ARS National Services, Inc., 201 West Grand Avenue, Escondido, California  92025-2603.  HOWERTON is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). Plaintiff is informed and believes, and thereon alleges that HOWERTON is liable for the acts of ARS because he sets and approves ARS collection policies, practices, procedures and he directed the unlawful activities described herein.

9.      At all times herein mentioned, each of the Defendants was the agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said agency, service, employment and/or joint venture.  Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI.  FACTUAL ALLEGATIONS

10.     On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, namely a credit card account from Citibank (South Dakota), N.A., and bearing the account number XXXX-XXXX-XXXX-4623 (hereinafter "the debt").  The financial obligation owed by Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

11.     Sometime thereafter on a date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

12.     Thereafter, on or about December 18, 2006, an employee of Defendants recorded the following message on Plaintiff's answering machine:

> Hello, Raymond.  This is Charles Sawyer.  I need you to call me back as soon as possible, please.  It's very important I have some information about yourself that I need to share with you, sir.  The phone number to reach me is 888-319-0986.  The extension directly to my office is 1136.  I need a call back as soon as possible, Raymond.  It is important.  Thank you.

13.     Thereafter, Defendants sent a collection letter (Exhibit "1") to Plaintiff which

COMPLAINT

1    is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

2         14.    The collection letter (Exhibit "1") is dated December 20, 2006.

3         15.    A true and accurate copy of the December 20, 2006, collection letter from

4    Defendants to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated

5    herein.

6         16.    On or about December 20, 2006, an employee of Defendants recorded the

7    following message on Plaintiff's answering machine:

8         Hello, Raymond. This is Charles Sawyer calling you with ARS National. Sir, I have
          some information that I need to share with you and you alone. The phone number
9         to reach me is 888-319-0986. The extension to my office is 1136. Please give me
          a call Raymond. This is important. Thank you.
10

11        17.    On or about December 26, 2006, an employee of Defendants recorded the

12   following message on Plaintiff's answering machine:

13        Hello, this message is for Raymond Meyer. This is Charles Sawyer calling with
          ARS National. You need to call me back as soon as possible, sir. This is not the first
14        message that I have left you and I still have not had a return call. The phone number
          to reach me is 888-319-0986. The extension to my office is 1136. I will be waiting
15        for your call, sir. Thank you.

16        18.    On or about December 27, 2006, an employee of Defendants recorded the

17   following message on Plaintiff's answering machine:

18        Hello, this message is for Raymond Meyer. This is Charles Sawyer again. Call me
          at 888-319-0986, at extension 1136. This is not a sales call in any way, Raymond.
19        You do need to call me back and answer up to this soon or later, sir. Give me a call.

20        19.    On or about January 17, 2007, an employee of Defendants recorded the

21   following message on Plaintiff's answering machine:

22        Hello, Mr. Meyer. This is William Lim. Please return my phone call at 888-319-
          0986, extension 1381. Please use reference number 11480931 when you call. Sir,
23        this is not a sales call. It is very important that I hear from you. My number again
          is 888-319-0986, extension 1381. Please give me a call, sir.
24

25        20.    On or about January 19, 2007, an employee of Defendants recorded the

26   following message on Plaintiff's answering machine:

27        Hello, this message is for Raymond Meyer. My name is William Lim. Please return
          my phone call at 888-319-0986, extension 1381. Please use reference number
28        11480931 when you call. Sir, this is not a sales call. It is very important that I hear

-4-

1    from you.  My number once again is 888-319-0986, extension 1381.

2              21.    Thereafter, Defendants sent a collection letter (Exhibit "2") to Plaintiff which

3    is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

4              22.    The collection letter (Exhibit "2") is dated January 22, 2007.

5              23.    A true and accurate copy of the January 22, 2007 collection letter from

6    Defendants to Plaintiff is attached hereto, marked Exhibit "2," and by this reference is incorporated

7    herein.

8              24.    On or about January 22, 2007, an employee of Defendants recorded the

9    following message on Plaintiff's answering machine:

10       Hello, Mr. Meyer.  This is William Lim.  Please return my phone call today at 888-
         319-0986, extension 1381.  Use reference number 11480931 when you call.  Sir, this
11       is not a sales call.  It is very important that I do hear from you.  My number once
         again is 888-319-0986, extension 1381.  Please give me a call.
12

13             25.    On or about January 23, 2007, an employee of Defendants recorded the

14   following message on Plaintiff's answering machine:

15       Hello, this message is for Raymond Meyer.  My name is William Lim.  Please return
         my phone call today at 888-319-0986, extension 1381.  Please use reference number
16       11480931 when you call.  Raymond, this is not a sales call.  It is very important that
         I hear from you, sir.  My name again is William Lim.  My telephone number is 888-
17       319-0986, extension 1381.  Reference number is 11480931.  Please give me a call.

18             26.    On or about January 24, 2007, an employee of Defendants recorded the

19   following message on Plaintiff's answering machine:

20       Hello, Mr. Meyer this is William Lim.  Please return my phone call at 888-319-0986,
         extension 1381.  Use reference number 11480931 when you call.  Sir, this is not a
21       sales call.  It is very important that I hear from you.  My number once again is 888-
         319-0986, extension 1381.
22

23             27.    On or about January 26, 2007, an employee of Defendants recorded the

24   following message on Plaintiff's answering machine:

25       Hello, Mr. Meyer, this is William Lim.  Please return my phone call at 888-319-
         0986, extension 1381.  Please use reference number 11480931 when you call.
26

27             28.    On or about January 29, 2007, an employee of Defendants recorded the

28   following message on Plaintiff's answering machine:

1

2    Hello, Raymond this is William Lim.  Please return my phone call at 888-319-0986, extension 1381.  Please use reference number 11480931 when you call.  This is not a sales call.  It is very important that I hear from you.  My number once again is 888-319-0986, extension 1381.  Please give me a call.

3

4    29.    On or about February 1, 2007, an employee of Defendants recorded the

5    following message on Plaintiff's answering machine:

6    Hello, Mr. Meyer, this is William Lim.  Please return my phone call today at 888-319-0986, extension 1381.  Please use reference number 11480931 when you call.

7    Sir, this is not a sales call.  It is very important that I hear from you.  My number once again is 888-319-0986, extension 1381.  Please give me a call.

8

9    30.    On or about February 6, 2007, an employee of Defendants recorded the

10   following message on Plaintiff's answering machine:

11   Hello, Mr. Meyer, this is William Lim.  Please give me a call at 888-319-0986, extension 1381.  Please use file number 11480931 when you call.  Sir, this is not a

12   sales call.  It is very important that I hear from you.  888-319-0986, extension 1381.

13   31.    On or about February 7, 2007, an employee of Defendants recorded the

14   following message on Plaintiff's answering machine:

15   Hello, this message is for Mr. Raymond Meyer.  My name is William Lim.  Please give me a call at 888-319-0986, extension 1381.  Use reference number 11480931.

16   Have a good day, sir.

17   32.    Thereafter, Defendants sent a collection letter (Exhibit "3") to Plaintiff which

18   is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

19   33.    The collection letter (Exhibit "3") is dated February 8, 2007.

20   34.    A true and accurate copy of the February 8, 2007 collection letter from

21   Defendants to Plaintiff is attached hereto, marked Exhibit "3," and by this reference is incorporated

22   herein.

23   35.    Thereafter, on or about February 12, 2007, an employee of Defendants

24   recorded the following message on Plaintiff's answering machine:

25   Hello Mr. Meyer, this is William Lim.  Please give me a call back today at 888-319-0986, extension 1381.  Use reference number 11480931 when you call.  Sir, this is

26   not a sales call.  I've left many messages.  My number again is 888-319-0986 extension 1381.  Call me today, sir.

27

28   36.    On or about February 14, 2007, an employee of Defendants recorded the

-6-

COMPLAINT

following message on Plaintiff's answering machine:

> Hello Mr. Meyer, this is William Lim.  Please give me a call at 888-319-0986, extension 1381.  Use reference number 11 [inaudible] 931 when you call.  Mr. Meyer this is not a sales call, it is very important that I hear from you.  My number again is 888-[inaudible]19-0986, extension 1381.  Please give me a call.

37.    On or about February 20, 2007, an employee of Defendants recorded the following message on Plaintiff's answering machine:

> Hello, this message is for Mr. Raymond Meyer.  My name is William Lim.  Please return my phone call at 888-319-0986, extension 1381.  Please use reference number 11480931 when you call.  Sir this is not a sales call.  I've left countless messages. I do need to hear from you sir.  My number again is 888-319-0986, extension 1381. Please give me a call.

38.    On or about February 21, 2007, an employee of Defendants recorded the following message on Plaintiff's answering machine:

> Hello, Mr. Meyer.  This is William Lim.  Please return my phone call at 888-319-0986, extension 1381.  Please use reference number 11480931 when you call.  This is not a sales call.  It is very important that I hear from you.  888-319-0986 extension 1381.  Have a good day.

39.    On or about February 21, 2007, Plaintiff mailed a letter to Defendants which stated: "please be advised that I dispute this debt and refuse to pay."

40.    A true and accurate copy of Plaintiff's letter disputing the debt and refusing to pay the debt is attached hereto, marked Exhibit "4," and by this reference is incorporated herein.

41.    Defendants received Plaintiff's letter disputing the debt and refusing to pay the debt (Exhibit "3") on or about February 26, 2007.

42.    A true and accurate copy of the USPS Tracking Report and Certified Mail Return Receipt evidencing Defendants' receipt of Plaintiff's letter disputing the debt and refusing to pay the debt (Exhibit "4") is attached hereto, marked Exhibit "5," and by this reference is incorporated herein.

43.    After receiving Plaintiff's letter notifying Defendants of his refusal to pay the debt (Exhibit "3"), Defendants continued to communicate with Plaintiff in an attempt to collect the debt.

44.    Thereafter, on or about February 26, 2007, an employee of Defendants

1  recorded the following message on Plaintiff's answering machine:

2  Hello Mr. Meyer, this is William Lim.  Please call me sir at 888-319-0982, extension
   1381.  Use reference number 11480931 when you call.  Sir this is not a sales call, I
3  do need to talk to you.  888-319-0986, extension 1381.  Please call me.

4  45.    Thereafter, Defendants sent a collection letter (Exhibit "6") to Plaintiff which

5  is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

6  46.    The collection letter (Exhibit "6") is dated April 9, 2007.

7  47.    A true and accurate copy of the April 9, 2007 collection letter from

8  Defendants to Plaintiff is attached hereto, marked Exhibit "6," and by this reference is incorporated

9  herein.

10  48.    Thereafter, Defendants sent a collection letter (Exhibit "7") to Plaintiff which

11  is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

12  49.    The collection letter (Exhibit "7") is dated May 3, 2007.

13  50.    A true and accurate copy of the May 3, 2007, collection letter from

14  Defendants to Plaintiff is attached hereto, marked Exhibit "7," and by this reference is incorporated

15  herein.

16  51.    Thereafter, Defendants sent a collection letter (Exhibit "8") to Plaintiff which

17  is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

18  52.    The collection letter (Exhibit "8") is dated June 6, 2007.

19  53.    A true and accurate copy of the June 6, 2007, collection letter from

20  Defendants to Plaintiff is attached hereto, marked Exhibit "8," and by this reference is incorporated

21  herein.

22  54.    Defendants' answering machine messages were each a "communication" in

23  an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

24  55.    Defendants failed to disclose Defendants' identity and the nature of

25  Defendants' business in each of the answering machine messages, in violation of 15 U.S.C. §

26  1692d(6) and Cal. Civil Code § 1788.11(b).  See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.

27  Supp. 2d 1104, 1112, 1118 (C.D. Cal. 2005).

28  56.    Defendants failed to disclose that each of the answering machine messages

-8-
COMPLAINT

1    was a communication from a debt collector, in violation of 15 U.S.C. § 1692e(11).  See

2    *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005); *Foti v. NCO*

3    *Financial Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

4    **VII.  CLAIMS**

5    **FAIR DEBT COLLECTION PRACTICES ACT**

6    57.     Plaintiff brings the first claim for relief against Defendants under the Federal

7    Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

8    58.     Plaintiff repeats, realleges, and incorporates by reference paragraphs 1

9    through 56 above.

10    59.     Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §

11    1692a(3).

12    60.     Defendant, ARS, is a "debt collector" as that term is defined by the FDCPA,

13    15 U.S.C. § 1692a(6).

14    61.     Defendant, HOWERTON, is a "debt collector" as that term is defined by the

15    FDCPA, 15 U.S.C. § 1692a(6).

16    62.     The financial obligation owed by Plaintiff to Citibank (South Dakota), N.A.,

17    is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

18    63.     Defendants' answering machine messages described above violate the

19    FDCPA.  The violations include, but are not limited to, the following:

20          a.     Defendants failed to disclose Defendants' identity and the nature of

21                 Defendants' business, in violation of 15 U.S.C. § 1692d(6); and

22          b.     Defendants failed to disclose that the communications were from a

23                 debt collector, in violation of 15 U.S.C. § 1692e(11).

24    64.     Defendants have further violated the FDCPA in the following respects:

25          a.     Defendants continued to communicate with Plaintiff in an attempt to

26                 collect the debt owed to Citibank (South Dakota), N.A., after

27                 receiving a written notification that Plaintiff refused to pay the debt

28                 being collected, in violation of 15 U.S.C. § 1692c(c).

65.    Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

66.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

67.    Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

68.    Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 66 above.

69.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

70.    Defendant, ARS, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

71.    Defendant, HOWERTON, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

72.    The financial obligation owed by Plaintiff to Citibank (South Dakota), N.A., is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

73.    Defendants' answering machine messages described above violate the RFDCPA.  The violations include, but are not limited to, the following:

a.    Defendants failed to disclose Defendants' identity and the nature of Defendants' business, in violation of 15 U.S.C. § 1692d(6), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.11(b); and

b.    Defendants failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11), as incorporated by Cal. Civil Code § 1788.17.

74.    Defendants have further violated the RFDCPA in the following respects:

a.    Defendants continued to communicate with Plaintiff in an attempt to

-10-

1    collect the debt owed to Citibank (South Dakota), N.A., after

2    receiving a written notification that Plaintiff refused to pay the debt

3    being collected, in violation of 15 U.S.C. § 1692c(c), as incorporated

4    by Cal. Civil Code § 1788.17.

5    75.    Defendants' acts as described above were done willfully and knowingly with

6    the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code §

7    1788.30(b).

8    76.    As a result of Defendants' willful and knowing violations of the RFDCPA,

9    Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars

10    ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

11    77.    As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to

12    an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil

13    Code § 1788.17.

14    78.    As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to

15    an award of his reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and

16    15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

17    79.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the

18    RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies

19    that Plaintiff may have under any other provision of law.

20    **VIII.  REQUEST FOR RELIEF**

21    Plaintiff requests that this Court:

22    a.    Assume jurisdiction in this proceeding;

23    b.    Declare that Defendants' answering machine messages violated the Fair Debt

24    Collection Practices Act, 15 U.S.C. §§ 1692d(5), 1692d(6) and 1692e(11);

25    c.    Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C.

26    § 1692c(c).

27    d.    Declare that Defendants' answering machine messages violated the Rosenthal Fair

28    Debt Collection Practices Act, Cal. Civil Code §§ 1788.11(b) and 1788.17;

-11-
COMPLAINT

1      e.      Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to

2              15 U.S.C. § 1692k(a)(2)(A);

3      f.      Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than

4              $1,000 pursuant to Cal. Civil Code § 1788.30(b);

5      g.      Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to

6              15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

7      h.      Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15

8              U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

9      i.      Award Plaintiff such other and further relief as may be just and proper.

10

11                                              CONSUMER LAW CENTER, INC.

12
                                                By: /s/ Fred W. Schwinn
13                                                  Fred W. Schwinn, Esq.
                                                    Attorney for Plaintiff
14                                                  RAYMOND CHARLES MEYER

15

16              **CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

17      Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

18  named parties, there is no such interest to report.

19                                              /s/ Fred W. Schwinn
                                                Fred W. Schwinn, Esq.
20

21                      **DEMAND FOR JURY TRIAL**

22      PLEASE TAKE NOTICE that Plaintiff, RAYMOND CHARLES MEYER, hereby demands

23  a trial by jury of all triable issues of fact in the above-captioned case.

24
                                                /s/ Fred W. Schwinn
25                                              Fred W. Schwinn, Esq.

26

27

28