STEPHEN H. TURNER, SB# 89627
  E-Mail: turner@lbbslaw.com
ALISHA M. LEE, SB# 219808
  E-Mail: alee@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH** LLP
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

Attorneys for Defendants ARS NATIONAL SERVICES, INC. and JASON A. HOWERTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,
SAN JOSE DIVISION

| | |
|---|---|
| RAYMOND CHARLES MEYER,<br><br>Plaintiff,<br><br>v.<br><br>ARS NATIONAL SERVICES, INC., D/B/A ASSOCIATED RECOVERY SYSTEMS, a California corporation, and JASON A. HOWERTON, individually and in his official capacity,<br><br>Defendants. | CASE NO. C07-06422 JF (PVT)<br><br>The Hon. Jeremy Fogel<br><br>**DEFENDANTS ARS NATIONAL SERVICES, INC. and JASON A. HOWERTON'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE CASES AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[FED. R. CIV. PROC. 42a]<br><br>Date:  July 25, 2008<br>Time:  9 a.m.<br>Courtroom: 3<br><br>[Proposed to be consolidated with Case No. C 08-01842 RMW]<br><br>Action Filed: December 20, 2007<br>Trial Date:  None |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE THAT ON July 25, 2008, or as soon as the matter may be heard in Courtroom 3, located at 280 S. First Street #2112, San Jose, California 95113, Defendants ARS NATIONAL SERVICES, INC. and JASON A.

---

4822-3306-0098.1                                         -1-

**DEFENDANTS ARS NATIONAL SERVICES, INC. AND JASON A. HOWERTON'S MOTION TO CONSOLIDATE CASES**

HOWERTON (collectively, "ARS") will and hereby do move for an order consolidating the instant matter with the lawsuit entitled <u>Meyer v. ARS National Services, Inc., et al.</u>, United States District Court Case No. C 08-01842 RMW. The instant motion is brought pursuant to Fed. R. Civ. Proc. section 42a on the grounds that these matters have common parties, factual questions and legal issues in common and that it would in the interests of judicial efficiency and substantial justice to have the matters consolidated.

This motion is further based upon the memorandum of points and authorities attached hereto, the declaration of Alisha M. Lee, on the pleadings and papers on file in each action proposed to be consolidated, on all matters upon which this court can and should take judicial notice as well as on all matters which may be presented at the time of hearing of the instant motion.

Pursuant to the Court's Standing Order, ARS's counsel has met and conferred with Plaintiff's counsel to determine that the hearing date selected will not cause undue prejudice.

DATED: May 12, 2008          LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____

Stephen H. Turner
Alisha M. Lee
Attorneys for Defendants ARS NATIONAL SERVICES, INC. and JASON A. HOWERTON

4822-3306-0098.1

-2-

**DEFENDANTS ARS NATIONAL SERVICES, INC. AND JASON A. HOWERTON'S MOTION TO CONSOLIDATE CASES**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Raymond Meyer ("Plaintiff") has filed two identical lawsuits in the same Judicial District alleging a violation of the same statute against the exact same parties. Both actions are grounded in substantially similar factual allegations, and each turns on the adjudication of the same legal questions. Moreover, in each lawsuit the parties are represented by the same attorneys. Accordingly, there can be no question that it would be in the interest of judicial efficiency to have these matters consolidated.

## II. STATEMENT OF RELEVANT FACTS

On December 20, 2007, Plaintiff filed a lawsuit against ARS National Services, Inc. and Jason A. Howerton (collectively, "ARS") alleging violations of the Fair Debt Collection Practices Act ("FDCPA").[1] Specifically, Plaintiff alleges that ARS failed to disclose ARS's identity and the nature of ARS's business, in violation of 15 U.S.C. § 1692d(6), and failed to disclose that the communications were from a debt collector in violation of 15 U.S.C. § 1692e(11). In addition, Plaintiff alleges that ARS continued to communicate with Plaintiff in an effort to collect the debt, even after receiving written notification that Plaintiff refused to pay the debt, in violation of 15 U.S.C. § 1692c(c). Plaintiff is represented in this action by Fred W. Schwinn, Esq., Consumer Law Center, Inc.

On April 7, 2008, Plaintiff brought another lawsuit against ARS in an action entitled <u>Meyer v. ARS National Services, Inc., et al.</u>, United States District Court Case No. C 08-01842 RMW, alleging the same violations of the FDCPA, to wit: ARS failed to disclose ARS's identity and the nature of ARS's business, in violation of 15 U.S.C. § 1692d(6), and failed to disclose that the communications were from a

---

[1] Although the parties have reached a settlement in this case, the issue of what amount of attorneys' fees Plaintiff is owed still remains to be litigated.

debt collector in violation of 15 U.S.C. § 1692e(11). (Declaration of Alisha M. Lee, ("Lee Decl."), ¶¶3-5.) Plaintiff is represented in this action by the same attorney, Mr. Schwinn. (Lee Decl., ¶6.)

### III. CONSOLIDATION IS APPROPRIATE BECAUSE COMMON QUESTIONS OF LAW AND FACT EXIST BETWEEN THE TWO CASES

The district court has broad discretion under Fed. R. Civ. Proc § 42(a) to consolidate cases pending in the same district. (*Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989); Fed. R. Civ. Proc 42(a).) In that regard. Fed. R. Civ. Proc 42(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; **it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.**" [FRCP 42(a) (emphasis added)]

Thus, when two actions involve common questions of law and fact, the Court has substantial power to consolidate the cases in order to enhance trial court efficiency, to avoid unnecessary duplication of evidence and procedures and to avoid the substantial danger of inconsistent adjudications. The single essential requirement is the existence of questions of law or fact common to the cases that are to be consolidated. (*Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994).)

#### A. Consolidation Will Further Judicial Efficiency

Cases should be consolidated when so doing will further judicial efficiency. (*Owen v. Labor Ready Inc.* 146 Fed.Appx. 139, 141 (9th Cir. 2005).) In *Owen*, the

court held that the trial court should weigh "the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." (*Id.* at p. 141.) In *Dupont v. Southern Pac. Co.* 366 F.2d 193, 195 (5th Cir. 1966) the court explained:

> Trial judges are urged to make good use of Rule 42(a) of the Federal Rules of Civil Procedure where there is involved a common question of fact and law as to the liability of the defendant in order to expedite the trial and eliminate unnecessary repetition and confusion

(See also, *E.E.O.C. v. HBE Corp.* 135 F.3d 543, 551 (8h Cir.1998) wherein the court held that it is appropriate to consolidate claims to, "avoid the inefficiency of separate trials involving related parties, witnesses...")

Here, there can be no doubt that consolidating this case with <u>Meyer v. ARS National Services, Inc., et al.</u> would further judicial efficiency. Indeed, the central issues of law and fact are common to both lawsuits. The same witnesses are likely to be called in each case. To be sure, in both cases, the named Plaintiff is identical, and the named defendants are identical. (Lee Decl., ¶¶3-4.) Moreover, Plaintiff is represented by the same counsel in each lawsuit. (Lee Decl., ¶6.) Finally, because each suit is based on an alleged violation of the same statute, and the same subsections of that statute, consolidation will surely enhance judicial efficiency and avoid re-litigation of the same essential issues.

### B. <u>Consolidation Will Avoid The Risk of Inconsistent Rulings</u>

Federal law allows for consolidation of cases where there is a risk of inconsistent rulings. (*E.E.O.C. supra*, 135 F.3d at 551.) Here, there is substantial risk of inconsistent rulings should the instant matters not be consolidated because each case features the same issues, but are currently assigned to two different judges. The most efficient manner to avoid the potential for inconsistency in rulings is to

consolidate these matters.

## IV. CONCLUSION

For the reasons stated herein, Defendants respectfully request that the instant motion be granted and this matter consolidated with the action entitled, <u>Meyer v. ARS National Services, Inc., et al.</u>, Case No. C 08-01842 RMW.

DATED: May 12, 2008          LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Alisha

Stephen H. Turner
Alisha M. Lee
Attorneys for Defendants ARS NATIONAL SERVICES, INC. and JASON A. HOWERTON

## DECLARATION OF ALISHA M. LEE

I, Alisha M. Lee, do hereby declare as follows:

1. I am an attorney at law, duly licensed to practice before all Courts of the State of California and am an associate at the law firm of Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for Defendants ARS National Services, Inc. and Jason A. Howerton in the instant action, as well as the attorneys of record for Defendants ARS National Services, Inc. and Jason A. Howerton in Meyer v. ARS National Services, Inc., et al., United States District Court Case No. C 08-01842 RMW, which is proposed to be consolidated hereto.

2. I make this declaration in support of Defendants' motion to consolidate cases. This declaration is made of my own personal knowledge, and if called as a witness, I could and would competently testify thereto.

3. The plaintiff in Meyer v. ARS National Services, Inc., et al., United States District Court Case No. C 08-01842 RMW is the same plaintiff as in the instant lawsuit.

4. The defendants named in Meyer v. ARS National Services, Inc., et al., United States District Court Case No. C 08-01842 RMW are the exact same defendants named in the instant lawsuit.

5. In Meyer v. ARS National Services, Inc., et al., United States District Court Case No. C 08-01842 RMW, Plaintiff has made the same allegations under the Fair Debt Collection Practices Act which he has made in the instant lawsuit, to wit: ARS failed to disclose ARS's identity and the nature of ARS's business, in violation of 15 U.S.C. § 1692d(6), and failed to disclose that the communications were from a debt collector in violation of 15 U.S.C. § 1692e(11).

///
///
///
///

6. Fred W. Schwinn, Esq., Plaintiff's counsel in <u>Meyer v. ARS National Services, Inc., et al.</u>, United States District Court Case No. C 08-01842 RMW, is also representing Plaintiff in the instant lawsuit.

I declare under the penalty of perjury under the laws of the State of California that foregoing is true and correct and that this declaration was executed on this 12th day of May, 2008.

_____
Alisha M. Lee

## CERTIFICATE OF SERVICE

I certify that on the 13th day of May 2008, I electronically transmitted the foregoing document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Fred W. Schwinn, Esq.
Consumer Law Center, Inc.
12 South First Street, Suite 1014
San Jose, California  95113-2418
*Attorneys for Plaintiff*
*RAYMOND CHARLES MEYER*

By: ___/s/ Alisha M. Lee___

4822-3306-0098.1

**DEFENDANTS ARS NATIONAL SERVICES, INC. AND JASON A. HOWERTON'S MOTION TO CONSOLIDATE CASES**