**E-Filed 8/26/2008**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAYMOND CHARLES MEYER,<br><br>                Plaintiff,<br><br>      v.<br><br>ARS NOTIONAL SERVICES, INC., D/B/A ASSOCIATED RECOVERY SYSTEM and JASON A. HOWERTON, individually and in his official capacity,<br><br>                Defendants. | Case Number C 07-6422<br><br>ORDER[1] GRANTING MOTION FOR ATTORNEY'S FEES AND COSTS |

## I. BACKGROUND

Plaintiff Raymond Charles Meyer ("Meyer") brought this action against Defendants ARS National Services d/b/a Associated Recovery Systems and Jason A. Howerton ("Defendants") alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). After Defendants filed their respective and separate answers, Defendants served Meyer with an offer of judgment pursuant to Rule 68, proposing that

---

[1] This disposition is not designated for publication and may not be cited.

07-6422
ORDER GRANTING MOTION FOR ATTORNEY'S FEES AND COSTS
(JFLC1)

judgment be entered against Defendants in the amount of $2,000.00 plus reasonable attorney's fees and taxable costs to be negotiated by the parties, or in the alternative, to be decided by motion. Meyer responded by filing a notice of acceptance of the offer of judgment. On May 13, 2008, the Court entered judgment in favor of Meyer and directed that Meyer submit a motion for attorney's fees. On May 27, 2008, Meyer filed the instant motion for attorney's fees and costs. The motion is unopposed.

## II. DISCUSSION

"The starting point for determining a reasonable fee is the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). Although there is a "strong presumption" that the lodestar represents a reasonable fee, it may be adjusted upwardly or downwardly based upon certain factors. *See id.*; *Lucas v. White*, 63 F.Supp.2d 1046, 1057 (N.D. Cal. 1999). "Counsel for the prevailing party should exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in a private practice is ethically obligated to exclude hours from his fee submission." *Hensley v. Eckerhart,* 461 U.S. 424, 433-434 (1983)(*citations omitted*); s*ee also, Gates*, 987 F.2d at 1402. The party seeking the fee bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *Id.* at 1398-1399. "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Id.*

The court must articulate "the reasons for its findings regarding the propriety of the hours claimed or for any adjustment it makes either to the prevailing party's claimed hours or to the lodestar." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1148 (9th Cir. 2001) (*quoting Gates*, 987 F.2d at 1398). In some circumstances, it is appropriate for the court to make "across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure." *Id.* at 1149-1151. However, the method is controversial, *Gates,* 987 F.2d at 1399, and does not discharge the court from "its responsibility to set forth a 'concise but clear' explanation of its

reasons for choosing a given percentage reduction nor from its duty to independently review the applicant's fee request." *Ferland,* 244 F.3d at 1149 (*citation omitted*).

"[T]he established standard when determining a reasonable hourly rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience and reputation." *Camacho v. Bridgeport Financial, Inc.*, 523 .3d 973, 971 (9th Cir. 2008). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.3d 403, 407 (9th Cir. 1990). Counsel for Meyer has provided the Court with his own declaration as well as the declarations of two other attorneys practicing in the San Francisco Bay Area stating that the prevailing rate in this district is $300.00 an hour. The Court concludes that this is a fair and reasonable rate for calculating Meyer's attorney's fees.

Meyer's counsel has also submitted detailed time records indicating that he spent a total of 13.7 hours on this matter and incurred $559.60 in costs. Applying the lodestar formula, the Court concludes that Meyer is entitled to $4,110.00 in attorney's fees. The Court also will award $559.60 in costs.

### IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion for attorney's fees and costs is GRANTED as set forth above.

DATED: August 26, 2008

_____
JEREMY FOGEL
United States District Judge

Case No. C 07-6422
ORDER GRANTING MOTION FOR ATTORNEY'S FEES AND COSTS
(JFLC1)

1 This Order has been served upon the following persons:

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. C 07-6422
ORDER GRANTING MOTION FOR ATTORNEY'S FEES AND COSTS
(JFLC1)